**Karen A. Moore**, OSB 040922
E-Mail: kmoore@wageclaim.org
**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243
    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **ALISA ASTRAKHAN-SHAIKH**, an individual,<br><br>        **Plaintiff**,<br><br>v.<br><br>**SINCLAIR BROADCAST GROUP, LLC, SINCLAIR BROADCAST GROUP., INC, SINCLAIR TELEVISION GROUP, INC,**<br><br>        **Defendants**. | Case No. **3:24-cv-00366**<br><br>**COMPLAINT (Wage Claim)**<br><br>Unpaid Wages Action<br>(ORS 652.140, 652.150 and 29 U.S.C. § 201 *et seq.*)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Alisa Astrakhan-Shaikh, by and through the attorneys at Schuck Law, LLC, brings this complaint against Defendants Sinclair Broadcast Group, LLC, Sinclair Broadcast Group., Inc, Sinclair Television Group, Inc. Plaintiff alleges the following upon information and belief, or Plaintiff's personal knowledge:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 6 of the Fair Labor

Standards Act ("FLSA").  29 U.S.C. § 216(b).

2. The Court has jurisdiction over Plaintiff's Oregon State law claims set for in this Complaint pursuant to 28 U.S.C. § 1367(a).  Both the Federal and State claims alleged herein arose from a common nucleus of operative facts.  The Oregon State claims are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

3. The employment practices alleged herein were committed in the District of Oregon.

4. Plaintiff worked for Defendant in Oregon State.

## PARTIES

5. Defendant Sinclair Broadcast Group, LLC is registered with the Oregon Secretary of State Corporation division as a foreign limited liability company.

6. Until July 31, 2023, Defendant Sinclair Broadcast Group., Inc. was registered with the Oregon Secretary of State Corporation division as a foreign business corporation and since July 31, 2023 has become inactive.

7. Defendant Sinclair Television Group, Inc. is registered with the Oregon Secretary of State Corporation division as a foreign business corporation.

8. Plaintiff is an individual who resides in and is a citizen in Oregon State.

9. Defendants employed Plaintiff in Oregon State.

10. Defendants are subject to the FLSA.

11. Defendants are subject to Oregon State wage and hour laws.

12. Plaintiff began working for Defendants in or about August 30, 2018.

13. Defendants employed Plaintiff as an at-will employee.

14. Defendants did not contract with Plaintiff to work for any specific period of time.

15. As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

16. During the course of Plaintiff's employment, Defendants allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendants.

17. On or about January 3, 2022, Defendants informed Plaintiff that she would continue as a Regional Sales Assistant for the Portland, Oregon market and was assigned to the Corpus Christi, Texas market as a Regional Sales Manager (RSM) in-training, but still working in Portland, Oregon.

18. As of approximately January 3, 2022, Defendants agreed to pay Plaintiff a $45,000.00 annual salary, plus bonuses.

19. Due to job duties and business necessities, Plaintiff's primary job duties were that of her prior position, that was hourly work.

20. Plaintiff estimates that she typically worked approximately 9 to 11 hours per day, Monday through Friday, with the exception of major holidays, time off for doctor's appointment, and when another employee covered a day for Plaintiff on or about May 6, 2022.

21. On or about June 3, 2022, Defendants informed Plaintiff that her position was misclassified as exempt from overtime and going forward would be non-exempt.

22. Defendants did not pay Plaintiff the overtime wages for her work time over 40 hours in a work week from approximately January 3 through approximately June 3, 2022.

23. Plaintiff's employment for Defendants ended on October 14, 2022.

24. Plaintiff quit her employment after providing not less than 48 business hours of the intention to quit.

25. Plaintiff's employment for Defendants ended on or about October 14, 2022.

26. Plaintiff received final payment from Defendants on or about November 4, 2022 and on or about February 10, 2023.

27. On or about February 22, 2024, Plaintiff, and her attorney, mailed to Defendants a detailed written notice of Plaintiff's wage claim and right to attorney fees, which is attached hereto as exhibit A and incorporated by reference as if fully set forth herein.

28. Plaintiff's written notice of nonpayment included enough information for Defendants to estimate and pay the amount of wages due Plaintiff.

29. Defendants received Plaintiff's attorney's written notice of nonpayment on February 23, 2024.

## CLAIM FOR RELIEF

(FLSA Overtime, Liquidated Damages)

30. Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

31. Defendants are subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

32. During the three year period of employment before filing of this case, Defendants allowed, suffered and permitted Plaintiff to perform work in excess of 40 hours per week for the benefit of Defendants.

33. Defendants failed to pay Plaintiff 1 ½ times the regular hourly rate for the hours Plaintiff worked in excess of 40 hours for a single workweek as required by the FLSA and there remains due unpaid overtime in an amount to be determined but not less than $10,319.71.

34. Defendants failed to pay overtime wages and premium wages to Plaintiff as required by the FLSA.

35. Defendants were required to pay Plaintiff for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

36. Defendants knew Plaintiff's was in a non-exempt position from January 3 through June 3, 2022.

37. Defendants were able to conduct a reasonable and diligent search of business records, including but not limited to schedules, calendars of meetings and emails to determine when Plaintiff would have been working.

38. Defendants' conduct in failing to pay overtime wages and premium wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined but not less than $10,319.71.

39. Plaintiff seeks damages in the form of overtime wages and overtime premium wages for Defendants' failure to pay overtime wages in amounts to be determined. In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus pre-judgment and post-judgment interest on all damage amounts; costs and attorney fees under the FLSA. 29 U.S.C. § 216(b) plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

## CLAIM FOR RELIEF

(Late Payment at Termination Claim)

40. Plaintiff re-alleges all paragraphs as though fully alleged herein.

41. Defendants were required to pay all of Plaintiff's wages on October 14, 2022.

42. Defendants failed to pay Plaintiff all wages as set out above, and wages remain due and owing to Plaintiff.

43. Defendants failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

44. In paying Plaintiff's wages, Defendants were free agents.

45. In paying Plaintiff's wages, Defendants determined its own actions.

46. In paying Plaintiff's wages, Defendants were not responsible to, nor coerced by any other person, or entity, or authority.

47. Defendants knew Plaintiff's employment for Defendants had ended.

48. Defendants possessed information regarding the hours worked by Plaintiff to determine, account for and pay the wages due to Plaintiff.

49. Defendants were capable of paying all Plaintiff's wages earned and due at termination.

50. Defendants' failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 calendar days.

51. Defendants failed to make and keep accurate records of actual hours worked each week and each pay period by Plaintiff in violation of ORS 653.045.

52. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of not less than $5,192.31, pursuant to ORS 652.150, for the continuation

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243

of Plaintiff's unpaid final wages for not less than 30 calendar days.

53. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

54. Plaintiff seeks statutory wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200 plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for failing to pay FLSA overtime wages**:

1. Unpaid overtime wages in an amount to be determined but approximately, $10,319,71.

2. Liquidated damages under the FLSA in an amount to be determined as a matching amount of overtime wages due.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees under the FLSA.  29 U.S.C. § 216(b).

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1. Unpaid wages in an amount to be determined.

2. Statutory penalties pursuant to ORS 652.150 in the amount of $5,192.31.

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees pursuant to ORS 652.200.

///

Page 7 - Complaint

**Upon any counterclaim or defense asserted by Defendants without a objectively reasonable basis, or where Defendants disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED:  February 28, 2024.          Schuck Law, LLC

                                                                     /s/ Karen A. Moore
                                                     KAREN A. MOORE, Esquire
                                                     OSB 040922
                                                     (360) 566-9243
                                                     Attorney for Plaintiff